**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANN V. COOK, | No. CIV S-04-1449-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for judgment on the pleadings (Doc. 10) and defendant's cross-motion for summary judgment (Doc. 11).

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

Plaintiff applied for disability insurance ("DI") and supplemental security income ("SSI") benefits on September 23, 2002, based on disability. In her applications, plaintiff claims that her impairment began on September 18, 1998. Plaintiff claims her disability consists of a combination of major recurrent depression, anxiety, and post-traumatic stress disorder. Plaintiff is a United States citizen born April 1, 1970, with a high school education completed in 1990

Plaintiff's claims were initially denied. Following denial of her request for reconsideration, plaintiff requested an administrative hearing, which was held on November 20, 2003, before Administrative Law Judge ("ALJ") Mark C. Ramsey.

In his February 20, 2004, decision, the ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on June 20, 2002, the date the claimant stated she became unable to work, and continues to meet them through the date of this decision;

2. The medical evidence establishes that the claimant has severe major depression, recurrent; a post-traumatic stress disorder; and methamphetamine abuse;

3. The claimant's drug dependence renders the claimant unable to meet the basic mental demands of sustained, competitive, remunerative work activity; therefore, she is disabled based upon her drug abuse alone; thus, when considering her drug abuse disorder, she cannot perform her past relevant work, and would be unable to perform other work that exists in significant numbers in the national or local economies;

4. The claimant's allegations that she is disabled due to impairments other than drug abuse are not credible for the reasons stated in the body of the decision, and are not supported by medical evidence contained in the record;

5. Considering the claimant's impairments other than her drug abuse, Ms. Cook's mental impairments would preclude her from performing complex tasks; it is concluded that Ms. Cook can perform simple unskilled and detailed work, as defined in the Regulations, on a regular and sustained basis;

6. The claimant cannot perform her past relevant work; she is 33 years of age, a younger individual, and has a high school education;

7. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material;

       8.      If the claimant's non-exertional limitations did not significantly compromise her ability to perform work at all exertional levels, section 204.00, Appendix 2, Subpart P, Regulation No. 4, indicates that a finding of not disabled would be appropriate; if her capacity to work at all levels were significantly compromised, the remaining work which she would functionally be capable of performing would be considered in combination with her age, education, and work experience to determine whether a work adjustment could be made;

       9.      Considering the range of work at all levels which the claimant is still functionally capable of performing, in combination with her age, education, and work experience, and using section 204.00, Appendix 2, Subpart P, Regulation No. 4 as a framework for decision making, in conjunction with Social Securing Ruling 85-15, it is found that the claimant can perform unskilled work that exists in significant numbers in the national economy;

     10.     Drug dependence is a material contributing factor to Ms. Cook's disability; and

     11.     The medical evidence establishes that Ms. Cook would not be disabled if she stopped using drugs; therefore, Ms. Cook is not entitled to disability insurance benefits, and is ineligible for supplemental security income payments under Title XVI.

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to DI or SSI benefits. After the Appeals Council declined review on May 24, 2004, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th

1  Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the
2  Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See
3  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the
4  administrative findings, or if there is conflicting evidence supporting a particular finding, the
5  finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th
6  Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation,
7  one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas
8  v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal
9  standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338
10 (9th Cir. 1988).

### III. DISCUSSION

In her motion for judgment on the pleadings, plaintiff challenges the ALJ's finding that drug abuse is a material contributing factor.

First, plaintiff argues that it is not possible to separate the mental restrictions and limitations imposed by her drug addiction from those caused by depression and post-traumatic stress disorder.  Plaintiff concludes that, in such a circumstance, her drug abuse should not be considered a material contributing factor.  Plaintiff quotes the ALJ's finding that "Ms. Cook suffers from a severe impairment as a result of methamphetamine abuse; major depression, recurrent; and a post-traumatic stress disorder."  Plaintiff then cites the ALJ's findings that, "considering only her drug abuse, Ms. Cook would be disabled."  Plaintiff asserts that these findings demonstrate that the ALJ failed to consider her mental impairments throughout the sequential evaluation.

/ / /

/ / /

/ / /

1   Plaintiff relies on the following excerpt from the ALJ's decision:

2   After careful review of the record, including Ms. Cook's written statements of record, her statements to mental health examiners, treating
3   source doctors, and the consultative examiner, concerning her significant history of drug abuse, as well as the medical diagnosis of polysubstance
4   abuse and methamphetamine abuse, made by mental health sources and the consultative psychological examiner, the undersigned concludes that
5   the claimant is severely impaired by medically determined polysubstance abuse.  Her drug abuse alone precludes her from obtaining and
6   maintaining employment on a regular and continuing basis.

7   Plaintiff concludes from this that the ALJ only considered her drug abuse through the sequential
8   analysis.

9   Logically, plaintiff's argument is flawed.  Plaintiff's position is that, because the
10   ALJ said that drug abuse alone precludes plaintiff from working, this means that only drug abuse
11   was evaluated.  Not so.  It is possible that, even if drug abuse alone would prevent plaintiff from
12   working, other things, such as mental problems, could also prevent plaintiff from working.

13   Moreover, a review of the entire hearing decision belies this argument and shows
14   that the ALJ in fact considered plaintiff's mental problems.  First, the ALJ concluded :

15   . . . As set out more fully below, the undersigned finds that Ms. Cook suffers from a severe impairment as a result of methamphetamine abuse;
16   major depression, recurrent; and a post-traumatic stress disorder, which can cause significant vocationally relevant limitations.
17

18   This clearly shows that the ALJ considered plaintiff's major recurrent depression and post-
19   traumatic stress disorder to be severe through step two of the sequential evaluation process.

20   The ALJ also found that the Listing of Impairments was inapplicable with respect
21   to plaintiff's depression and post-traumatic stress disorder.  Specifically, the ALJ concluded:

22   While Ms. Cook has a severe impairment, the evidence does not contain the appropriate clinical or laboratory findings to establish that she has an
23   impairment or combination of impairments which either meet or equal . . . the level of severity of any section, particularly 12.04 (Affective
24   Disorders) or 12.06 (Anxiety-Related Disorders), described in the Listing of Impairments . . .
25

26   The ALJ continued: "[I]t is found that the claimant's mental impairments are severe, but they do

5

not meet or equal the requirements of a listed impairment." This shows that the ALJ considered plaintiff's mental problems through step three of the evaluation.

Next, the ALJ considered the level of plaintiff's functional capacity in light of her mental problems: "It is concluded that the claimant's impairments other than drug abuse do not prevent her from performing simple unskilled work and detailed work." Again, this demonstrates that the ALJ considered plaintiff's mental problems at step four.

Plaintiff also argues that the ALJ's conclusion concerning the materiality of plaintiff's drug abuse is not supported by substantial evidence. Specifically, plaintiff challenges the ALJ's finding that ". . . in the absence of drug abuse, the claimant can perform simple unskilled work and detailed work, on a regular basis." In support of this position, plaintiff relies on the medical records of her treating therapist, Nicole Andrews, M.A. Plaintiff states that these records show that plaintiff's mental problems are not controllable with drugs, other than methamphetamine.

Upon review of the administrative record, the court rejects plaintiff's argument. First, the ALJ found plaintiff's testimony regarding her ability to function absent drug abuse not credible. Because plaintiff offers no arguments concerning the ALJ's credibility finding, credibility is not an issue before this court. Second – and more to the point – the court finds that the ALJ's finding as to plaintiff's functional capacity absent drug abuse is supported by substantial evidence in the record. The consultative examining doctor, Janice Nakagawa, Ph.D., opined that plaintiff could complete simple and detailed job instructions if she were to become stabilized on medication and stop using drugs. In addition, two non-examining doctors opined that plaintiff could perform simple unskilled work and detailed work. Again, plaintiff does not make an issue of the weight the ALJ gave to the various medical opinions in this case.

In sum, the ALJ properly concluded that plaintiff's drug abuse was a factor material in the determination of disability because, absent drug abuse, plaintiff would not be considered disabled.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for judgment on the pleadings is denied;

    2.    Defendant's cross-motion for summary judgment is granted; and

    3.    The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 6, 2006.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE